**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

AMERICAN AGCREDIT, FLCA, et al.,
*Plaintiffs*,

v.

KROSKOB BROS FARMS LLC, et al.,
                              *Defendants*.

---

**NOTICE OF REMOVAL OF CIVIL ACTION
(Pursuant to 28 U.S.C. §§ 1334, 1452 and Fed. R. Bankr. P. 9027)**

---

Defendants Kroskob Bros Farms LLC, Kroskob Manufacturing Inc., Brandon T. Kroskob, Kroskob Bros Farms & Trucking, LLC, Kroskob Sales and Leasing, LLC, Kroskob Bros Farms Inc., and Jackie M. Kroskob (collectively, the "Defendants"), by and through undersigned counsel, hereby remove the above-captioned action (the "State Court Action") from the District Court for Phillips County, Colorado, to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1334 and 1452, and state as follows:

## I.   INTRODUCTION

1. This action arises from a multi-million-dollar secured lending relationship and seeks to enforce alleged loan obligations, foreclose on collateral, and impose liability on affiliated entities and guarantors.

2. Two central Defendants, Kroskob Bros Farms LLC and Kroskob Manufacturing Inc., filed voluntary petitions for relief under Chapter 11 of the

Bankruptcy Code on April 13, 2026, in the United States Bankruptcy Court for the District of Colorado. A third, Defendant, Kroskob Farms and Trucking, LLC, will be filing a Chapter 11 Petition in the coming days and all three Chapter 11 Debtors will seek joint administration of their cases.

3.     The claims asserted in the State Court Action are inextricably intertwined with those bankruptcy cases and will directly affect the administration of the bankruptcy estates, including the determination of claims, the scope of secured interests, and the disposition of estate assets.

4.     Accordingly, this action is at minimum "related to" the pending bankruptcy cases within the meaning of 28 U.S.C. § 1334(b), and removal is proper under 28 U.S.C. § 1452(a).

## II.     BACKGROUND

### A. The State Court Action

5.     On or about March 24, 2026, Plaintiffs commenced the State Court Action in the District Court for Phillips County, Colorado, Case No. 2026CV30003.

6.     Plaintiffs assert claims for breach of contract, enforcement of loan documents, and equitable remedies, including receivership, against multiple affiliated borrowers and guarantors.

7.     Plaintiffs allege that the Defendants collectively owe in excess of $19 million and seek to enforce liens and security interests in substantially all assets of the borrowing entities.

8. The action targets the same obligations, collateral, and financial relationships that are now central to the pending Chapter 11 reorganization cases.

## B. The Bankruptcy Filings

9. On April 13, 2026, Defendants Kroskob Bros Farms LLC and Kroskob Manufacturing Inc. each filed voluntary petitions for relief under Chapter 11 in the Bankruptcy Court for the District of Colorado.

10. Those filings triggered the automatic stay under 11 U.S.C. § 362 with respect to actions against those debtors.

11. Additionally, affiliated entity Kroskob Bros Farms & Trucking, LLC is preparing to file for Chapter 11 protection, further consolidating the financial restructuring within the bankruptcy forum.

## III.   BASIS FOR FEDERAL JURISDICTION

12. This Court has original jurisdiction over this action under 28 U.S.C. § 1334(b), which grants jurisdiction over all civil proceedings "arising under," "arising in," or "related to" cases under title 11.

13. The Third Circuit's decision in *Pacor, Inc. v. Higgins*, which the Tenth Circuit adopted, establishes the governing test: A proceeding is "related to" bankruptcy if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor*, 743 F.2d at 994.[1]

---

[1] *See In re In Play Membership Golf, LLC*, 576 B.R. 15, 21 (Bankr. D. Colo. 2017) (collecting authority and explaining that the Tenth Circuit, in *Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990), adopted *Pacor's* "conceivable effect" test, under which

14.     The test is intentionally broad and encompasses any proceeding that could "alter the debtor's rights, liabilities, options, or freedom of action" or otherwise impact the administration of the estate.

15.     This action easily satisfies the *Pacor* standard.

**A. The State Court Action is Related to the Bankruptcy Estate**

16.     The claims asserted in the State Court Action directly implicate the core financial and legal relationships at issue in the pending Chapter 11 cases. Plaintiffs seek to determine the validity and enforceability of loan obligations, establish the extent and priority of liens on property of the estates, and recover amounts allegedly owed under the loan documents. These issues go to the heart of the bankruptcy process and will necessarily affect the allowance or disallowance of claims under 11 U.S.C. § 502, the valuation and disposition of estate property, and the Debtors' ability to formulate and confirm their respective plans of reorganization.

17.     Any judgment entered in the State Court Action would also have preclusive effect on the bankruptcy estates and could bind the Debtors with respect to both liability and the scope of secured claims. As a result, the proceeding will directly influence the Debtors' rights and liabilities, the treatment of creditors, and the overall administration of the estates.

---

"related to" jurisdiction exists where the outcome of a proceeding could conceivably have any effect on the bankruptcy estate, but not where the proceeding has no effect on the estate).

18.     Because the outcome of this action will, at a minimum, "conceivably have an effect" on the bankruptcy estates within the meaning of *Pacor*, it falls squarely within this Court's "related to" jurisdiction.

### B. The Integrated Financial Relationships and Guarantor Liability Reinforce the Relatedness

19.     The State Court Action also seeks to impose liability on non-debtor affiliates and guarantors based on the same underlying loan obligations at issue in the Chapter 11 cases. These claims are not independent; rather, they are derivative of, and inextricably intertwined with, the Debtors' obligations and the overall lending structure.

20.     Adjudication of liability as to the non-debtor defendants will necessarily require determination of the same debt, alleged defaults, and enforcement rights that are central to the bankruptcy proceedings.

21.     In addition, any findings as to the amount of indebtedness, the existence of defaults, or the enforceability of loan documents will directly impact the Debtors' liabilities and restructuring efforts. Courts consistently recognize "related to" jurisdiction in such circumstances, particularly where liability among debtors and non-debtors is interconnected or where resolution of claims against non-debtors could affect the estate.

22.     Here, the claims against guarantors and affiliated entities are sufficiently intertwined with the Debtors' financial obligations that the outcome of this action will necessarily bear on the administration of the bankruptcy estates.

**C. Removal Promotes Judicial Economy, Consistent Adjudication, and the Centralized Administration of the Bankruptcy Estates**

23.    Exercising jurisdiction over this action is also consistent with Congress's intent that bankruptcy courts administer all matters connected with a debtor's estate in a centralized and efficient forum. Allowing parallel litigation to proceed in state court would create a substantial risk of inconsistent rulings on issues central to the bankruptcy cases, including the validity and scope of claims and liens.

24.    Moreover, it would interfere with the operation of the automatic stay and undermine the claims resolution process by permitting piecemeal adjudication outside the bankruptcy court. By contrast, removal promotes judicial economy by consolidating all disputes affecting the estates in a single forum, ensuring consistent rulings, and preserving the orderly administration of the Chapter 11 cases.

25.    For these reasons, maintaining this action within the federal bankruptcy framework is both appropriate and necessary to effectuate the purposes of the Bankruptcy Code.

**IV.    REMOVAL IS PROCEDURALLY PROPER AND REFERRAL IS WARRANTED**

26.    This Notice of Removal is timely under Federal Rule of Bankruptcy Procedure 9027. Pursuant to 28 U.S.C. § 1452(a), any party may remove a claim or cause of action to the district court if the district court has jurisdiction under 28 U.S.C. § 1334, as is the case here.

27.    Venue is proper in this District under 28 U.S.C. § 1409 because the related bankruptcy cases are pending in the United States Bankruptcy Court for the

6

District of Colorado. Defendants will promptly file a copy of this Notice with the state court and provide notice to all parties, in accordance with applicable rules. Upon removal, referral of this matter to the Bankruptcy Court is appropriate under 28 U.S.C. § 157(a) and this District's local rules.

28.     At a minimum, this proceeding is "related to" the pending Chapter 11 cases and may involve core issues, including the allowance of claims and the determination of the validity, extent, and priority of liens against estate property. Referral will ensure that all issues affecting the bankruptcy estates are adjudicated in a single, centralized forum consistent with the structure and purpose of the Bankruptcy Code.

## V.     RESERVATION OF RIGHTS

29.     Defendants expressly reserve all rights, claims, and defenses available to them in this action and in the related bankruptcy cases. Without limiting the foregoing, Defendants reserve the right to seek transfer of venue, move for referral or withdrawal of the reference as appropriate, assert or extend the protections of the automatic stay, including as to non-debtor parties where warranted, and pursue any available defenses, counterclaims, or objections. Defendants further reserve the right to challenge jurisdiction, seek abstention or remand on any applicable grounds, and take any additional action necessary to protect their interests and the interests of the bankruptcy estates.

**WHEREFORE**, Defendants respectfully remove this action to the United States District Court for the District of Colorado and request that it be referred to the Bankruptcy Court for further proceedings.

Date: April 21, 2026

/s/ *Lance Henry*
Jeffrey A. Weinman, Colorado Bar No. 760
Patrick D. Vellone, Colorado Bar No. 15284
Lance Henry, Colorado Bar No. 50864
Michael Best & Friedrich LLP
675 15th Street, Suite 2000
Denver, Colorado 80202
(720) 240-9515
jeffrey.weinman@michaelbest.com
patrick.vellone@michaelbest.com
lance.henry@michaelbest.com

*Counsel for the Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **NOTICE OF REMOVAL OF CIVIL ACTION** was filed with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all counsel of record. The undersigned further certifies that a true and correct copy of the foregoing was served on all parties who are not registered CM/ECF users by electronic mail addressed as follows:

Paul J. Veazey
**STINSONLLP**
1144 15th Street, Suite 2400
Denver, CO 80202
paul.veazey@stinson.com
*Attorney for Plaintiffs*

The undersigned also certifies that, in accordance with 28 U.S.C. § 1446(d) and Federal Rule of Bankruptcy Procedure 9027, a copy of the Notice of Removal has been promptly filed with the Clerk of the District Court for Phillips County, Colorado, and served on all parties to the State Court Action.

Date: April 21, 2027

MICHAEL BEST & FRIEDRICH, LLP


*/s/Rebecca Bradshaw*